UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY ROBINSON, #193745,

       Plaintiff,                                      Civil Action No. 20-CV-11342

vs.                                                   HON. BERNARD A. FRIEDMAN

ST. CLAIR COUNTY JAIL,
TIM DONNELLON, TRACY DECAUSSIN,
LIEUTENANT ADAMS, LIEUTENANT OLEJNIK,
JOHN MAYS, KYLE PRONE, and SERGEANT HILL,

       Defendants.
_____/

**OPINION AND ORDER DISMISSING THE COMPLAINT**

Plaintiff Jeremy Robinson has filed a pro se complaint in which he challenges a disciplinary proceeding that was conducted at the St. Clair County Jail in Port Huron, Michigan. Plaintiff is confined at that jail, but he does not indicate whether he is a pretrial detainee or has been convicted and is serving a sentence. The defendants are the St. Clair County Jail, the St. Clair County Sheriff, and several jail employees. Plaintiff seeks declaratory, injunctive, and monetary relief from the defendants. For the reasons stated, below, the Court concludes that plaintiff is not entitled to the requested relief and that complaint must be dismissed.

I. The Facts

Plaintiff alleges that on March 26, 2020, he and another jail inmate were removed from the general population housing unit and escorted to the jail's disciplinary detention unit ("DDU"). Plaintiff says he was informed that he was being charged with violating a jail rule. An officer subsequently gave him a copy of the misconduct report and told him that he had been found guilty of threatening the commissary staff. When plaintiff asked why there had been no

hearing on the ticket, the officer responded that prisoners are not given a hearing for minor misconduct. He was sent to the DDU, where inmates are locked down for twenty-three hours out of each day. During their one free hour, they may clean their cells, shower, exercise, use the phone, and access the jail's electronic "kite" system.

Plaintiff filed a grievance about the minor misconduct charge. The misconduct report was withdrawn after officials confirmed that plaintiff had not threatened the commissary staff. On March 28, 2020, however, plaintiff was issued a major misconduct ticket for stealing some pens from the commissary staff on March 26, 2020. He was told that he would remain in the DDU because the sanctions for the new misconduct charge were the same as the sanctions for the previous charge.

On March 28, plaintiff appealed the denial of his grievance, and on March 29 he asked for permission to use the jail's electronic law library. He was informed that neither he, nor any other inmate, could use the law library unless they did so during their allotted one-hour out of the DDU.

On March 30, a formal hearing was held on the theft charge. Plaintiff states that he was not given timely written notice of the hearing, but the hearing panel agreed with his due process defense and dismissed the major misconduct charge. He was then released from the DDU.

Plaintiff subsequently received a response to his appeal from the denial of his grievance about the lack of a hearing on the minor misconduct charge. The reviewing officer denied the grievance on the grounds that plaintiff did have an informal hearing when he was sent to the DDU for the minor misconduct and that, even though he initially was charged with an

incorrect offense, he did violate a jail rule. The officer also stated that plaintiff was sanctioned appropriately and removed from the DDU immediately after the misconduct charge was dismissed, having served only four days in the DDU.

Plaintiff now claims that the jail's policy and procedures on inmate misconduct violate state law and are unconstitutional. Specifically, plaintiff asserts that the defendants violated the Michigan Administrative Code and his constitutional right to procedural due process by failing to give him a hearing on the minor misconduct charge and failing to provide him with written notice of the charges twenty-four hours before the hearing on the charges. Plaintiff also claims that keeping him in the DDU after the minor misconduct charge was dismissed deprived him of due process because the new charge (theft of the pens) was not based on new information. Additionally, plaintiff contends that the misconduct charges were retaliation for his use of the grievance process on an unrelated medical issue. Finally, plaintiff asserts that one of the defendants violated his First and Fourteenth Amendment rights by restricting his access to the jail's electronic law library after learning that plaintiff was taking legal action.

Plaintiff is suing the individual defendants in their personal and official capacities. He seeks a declaratory judgment that the defendants violated his constitutional rights, an injunction requiring the defendants to amend their misconduct policies and procedures to conform to federal and state law, and damages and costs.

II. Discussion

   A. Legal Framework

Pursuant to the Prison Litigation Reform Act of 1996, the Court is required to

3

dismiss plaintiff's complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. To prevail on a claim under 42 U.S.C. § 1983, plaintiff must show "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

Although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). A "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may "dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. The Court need not accept "fantastic or delusional" factual allegations. *Id.* at 327-28.

B. Application

    1. Due Process

Plaintiff alleges that his right to procedural due process under the Fifth and Fourteenth Amendments was violated when the defendants failed to provide him with timely written notice of the charges against him and failed to provide him with a hearing on the minor

misconduct charge. Plaintiff has no claim under the Fifth Amendment because "the Fifth Amendment applies to the federal government, not state or local governments," *Myers v. Vill. of Alger, Ohio*, 102 F. App'x 931, 933 (6th Cir. 2004), and plaintiff seeks relief from county officials. But plaintiff also raises his claims under the Due Process Clause of the Fourteenth Amendment, which provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

Plaintiff relies on *Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974), in which the Supreme Court held that state prisoners who face a loss of good-time credits as a result of disciplinary charges for prison misconduct must receive written notice of the charges at least twenty-four hours before a hearing on the charges. *See also Moore v. Hofbauer*, 144 F. Supp. 2d 877, 884 (E.D. Mich. 2001) (stating that "[t]he starting point for any discussion of the procedural due process rights of a prisoner subject to disciplinary proceedings is *Wolff v. McDonnell*," and explaining the minimum requirements of procedural due process in cases where good time credit can be forfeited).

Plaintiff did not forfeit any good-time credit as a result of the disciplinary charges in question here. He claims, nevertheless, that he was deprived of his right to procedural due process because he had no hearing on the minor misconduct charge and because the hearing on the major misconduct charge was held only a few hours after he received notice of that charge.

Plaintiff has not alleged that he suffered any actionable harm. Despite the alleged lack of timely notice, plaintiff was able to present a defense on both misconduct charges. First, he was able to convince officials that he did not threaten the commissary staff and, second, at the hearing conducted on March 30 he was given an opportunity to argue that his right to due

5

process was violated when he was charged with theft. The hearing panel apparently agreed with plaintiff, as it voided the minor misconduct report and dismissed the major misconduct charge. Plaintiff was immediately released from the DDU, having spent a total of four days there. *See* Compl., ECF No. 1, Ex. I, PageID.24; Ex. H, PageID.25; and Ex. J, PageID.23.

Further, plaintiff has not alleged that the misconduct charges affected the duration of his sentence (or, if he has not been convicted, the amount of time he spent in jail as a pretrial detainee). He does claim that his confinement in the DDU resulted in the loss of privileges, increased his depression and anxiety, and caused panic attacks with chest pain, racing thoughts, crying episodes, and loneliness. *See* Compl., Claim D, ECF No. 1, PageID.16. However, a prisoner confined in a jail may not bring a federal civil action for mental or emotional injury suffered while in custody, absent a prior showing of physical injury or the commission of a sexual act. *See* 42 U.S.C. § 1997e(e).

Although the loss of privileges while plaintiff was confined in the DDU was not inconsequential, his four days' confinement in the DDU is not an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See* also *Bishawi v. Northeast Ohio Corr. Ctr.*, 628 F. App'x 339, 344 (6th Cir. 2014) (concluding that a prisoner's confinement in segregation for four days pending an investigation of disciplinary charges did not violate his procedural due process rights); *Taylor v. Larson*, 505 F. App'x 475, 478 (6th Cir. 2012) (concluding that a prisoner's placement in segregation for four days without notice and a hearing failed to state a due process claim where his placement in segregation did not affect a parole decision or result in the loss of good-time credits); *Polk v. Parnell*, 132 F.3d 33, 1997 WL 778511 (6th Cir. 1997) (concluding that a

pretrial detainee's stay in disciplinary segregation for four days was not such an atypical and significant hardship as to create a liberty interest implicating due process protections).

The Court concludes that plaintiff is not entitled to relief on his due process claim.

2. Retaliation

Plaintiff's retaliation claim fails as well. He contends that defendants instigated the disciplinary proceedings in retaliation for his administrative grievances on an unrelated medical claim. *See* Compl., claim H., PageID.18. To prevail on this claim, plaintiff must show that (1) he engaged in protected conduct, (2) an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct was taken against him; and (3) there is a causal connection between the two, "that is, the adverse action was motivated at least in part by [his] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

Filing a nonfrivolous grievance against correctional officials is protected conduct, *see Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010), and placing an inmate in segregation "could deter a person of ordinary firmness from exercising his First Amendment rights." *Herron v. Harrison*, 203 F.3d 410, 416 (6th Cir. 2000). However, the facts set forth in the exhibits attached to the complaint disprove the alleged causal connection between the medical grievance and the misconduct charges. Although jail officials were able to confirm that plaintiff did not threaten the commissary staff, he admits that he took two pens from the commissary cart and that the pens did not belong to him. *See* Compl., ECF No. 1, 12, PageID.8. Further, plaintiff indicates that the officers were aware of the theft and that they initially chose not to charge him with theft and, instead, to charge him with the less serious charge of threatening staff. *See id.*, 23, PageID.11. The officer who reviewed plaintiff's appeal from the denial of his grievance

7

about the disciplinary proceedings stated that it was evident plaintiff took pens from the commissary staff. The officer also stated that, even though the initial misconduct report incorrectly described the rule violation, plaintiff did violate a jail rule and he was given an appropriate penalty. *See id.*, Ex. J, PageID.23.

Nothing in the complaint or its exhibits indicates that the misconduct charges were fabricated in retaliation for plaintiff's medical grievances. Plaintiff's conclusory allegations of retaliatory motive, unsupported by material facts, are insufficient to state a claim under § 1983. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005).

3. Access to the Courts

Finally, plaintiff alleges that one of the defendants violated his First and Fourteenth Amendment rights by restricting his access to the jail's electronic law library. He states that, on March 29 he asked for permission to use the electronic law library, but he was told that he could use the law library only during his allotted one hour out of DDU. *See* Compl., 17, ECF No. 1, PageID.9. Elsewhere, plaintiff states that one of the defendants restricted his access to the jail's electronic law library once the officer became aware that plaintiff was taking legal action. *See id.*, Claim I, PageID. 18.

Prisoner inmates have a First Amendment right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds*, 430 U.S. at 825). Nor did *Bounds* "prescribe any specific amount of library time which prisoners must be provided; rather, access

need only be reasonable and adequate." *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985). To prevail on a claim that he was denied access to the courts, plaintiff must show that he suffered "actual injury." *Lewis*, 518 U.S. at 351-53.

Plaintiff has not alleged that he was prevented from using the jail's electronic law library, and he has not shown that he suffered actual injury as a result of the limitations placed on his use of that library. Plaintiff admits that he was able to present his due process claim during the disciplinary proceedings and that the hearing panel agreed with him and dismissed the misconduct charge. *See* Compl., 24, ECF No. 1, PageID.11. It is also clear from the complaint that plaintiff was able to perform some legal research to support his allegations in this case and then commence this action within approximately one month of the conclusion of the disciplinary proceedings. Therefore, the Court concludes that plaintiff has failed to state a plausible First Amendment claim regarding his right of access to the courts.

III. Conclusion

For the reasons stated above, the Court concludes that plaintiff's complaint is frivolous because it lacks an arguable basis in law. It also fails to state a plausible claim for which relief may be granted. Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

IT IS FURTHER ORDERED that plaintiff may not proceed on appeal in forma pauperis because any appeal from this order would be frivolous and could not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

s/Bernard A. Friedman
Bernard A. Friedman
Dated: June 22, 2020　　　　　　　　　　Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2020.

Jeremy Robinson, #193745　　　　　　　s/Johnetta M. Curry-Williams
St. Clair County Jail　　　　　　　　　　Case Manager
1170 Michigan Rd.
Port Huron, MI 48060